# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**EASTMOOR ESTATES RESIDENTS**                                    **PLAINTIFFS**
**ASSOCIATION, ET AL.**

**vs.**                                                       **CAUSE NO. 4:10CV144-P-S**

**GLENN MILLER, ET AL.**                                                    **DEFENDANT**

# ORDER

Before the court is the Motion (# 116) of counsel for Defendants Glenn Miller Construction Company, Inc., Eastmoor Estates, L.P., Glenn Miller, and Florence Miller for "Preliminary and Permanent Injunction and Miscellaneous Relief." Counsel has filed the instant motion pursuant to L. U. Civ. R. 83.1(c) and FED. R. CIV. P. 11. The court has considered the submissions of the parties, the record of this case, and the applicable law and is of the opinion that the motion should be denied in its entirety for the reasons that follow.

Defense counsel lodges several very serious allegations of professional misconduct against plaintiffs' counsel and seeks, among other things, preliminary and permanent injunctions and sanctions. Specifically, defense counsel charges plaintiffs' counsel with violations of MISSISSIPPI RULES OF PROF'L CONDUCT R. 3.3, 7.3, and 8.4 (a), (c) and (d). As an initial matter, the court notes that defense counsel makes allegations of misconduct against plaintiffs' counsel in general, with no specific reference to the individual lawyer or lawyers who committed the alleged violations. The *Mississippi Rules of Professional Conduct* govern a lawyer's individual conduct and actions. Because plaintiffs currently have four attorneys of record, and because the allegations call into question the

attorney(s)' professional reputation(s), the general nature of this motion is improper.[1] Nevertheless, the court has considered each alleged violation and finds that the proof before the court is insufficient to establish a violation of the *Mississippi Rules of Professional Conduct* or Rule 11.

### Rule 3.3

Here, defense counsel contends plaintiffs' counsel made a misrepresentation to the undersigned during an October 6, 2011, settlement conference with regard to the number of Eastmoor homeowners and leaseholders plaintiffs' counsel actually represented at that time. Specifically, defense counsel states that 1) this court– though not by formal order– directed that defense counsel conduct inspections of Eastmoor plaintiffs' homes in anticipation of a December 1 settlement conference[2] and that 2) plaintiffs' counsel thereafter misrepresented to the court the number of Eastmoor homeowners or leaseholders actually represented.

Rule 3.3(a)(1) of the Mississippi Rules of Professional Conduct states in pertinent part:

Rule 3.3. Candor Toward the Tribunal

(a) A lawyer shall not knowingly:
(1) make a false statement of material fact or law to a tribunal;

First, the court finds that while it certainly understood plaintiffs' counsel, Ms. Desiree Hensely, to state that the Law Clinic represented all of the Eastmoor homeowners and leaseholders

---

[1]The court also notes that several law students are involved in the Law Clinic's representation of the plaintiffs in this case.

[2]As an element of the relief requested by the instant motion, defense counsel seeks relief from "the obligation" of performing home inspections. In the interest of clarity, the court finds that defense counsel was not and is under no obligation to perform inspections of Eastmoor homes and that the issue of home inspections was born purely from an attempt to assist Millers' defense counsel's expressed need to inspect each house in order to calculate damages, if any, for purposes of settlement negotiations.

(approximately 50) and conveyed the same to defense counsel, the court is willing to and does accept Ms. Hensley's explanation that the same was not intended by her. Instead, she only meant to convey that the Law Clinic represented approximately fifty Eastmoor residents, a number that happened to coincide with the number of Eastmoor houses at issue.

And, while defense counsel suggests that even this representation by the Law Clinic was inaccurate because the Law Clinic has since identified only twenty-two residents at Eastmoor with whom it has signed retainer contracts, the court does not find this discrepancy to be the stuff upon which to found a serious sanctions motion, especially since, as here, there are alternative explanations for the apparent discrepancy that do not involve any bad faith or intentional effort to mislead. For example, it is entirely possible that the Law Clinic believed, based on prior communications, that it represented fifty Eastmoor residents on October 6 and later determined that only twenty-two actually had authority to authorize entry into the houses at issue. It is also possible that believing itself to represent fifty Eastmoor residents at the time of the conference, the Legal Clinic later learned some residents decided not to proceed with representation or moved.

Ultimately, the court finds that defense counsel has failed to prove that plaintiffs' counsel knowingly made a false statement of material fact to the court in violation of Rule 3.3. The court accepts plaintiffs' counsel's explanation regarding the nature of the Law Clinic's relationship with the Eastmoor residents and also agrees that defense counsel has failed to show how the legal dispute over whether a resident actually has the lawful authority to authorize entry into a home in which he resides (but has no ownership or leasehold interest) is relevant to the issue of whether plaintiffs' counsel has committed some sanctionable conduct.

<u>Rule 7.3</u>

First, defense counsel seeks sanctions and a preliminary and permanent injunction to "prohibit Plaintiffs' counsel from additional door-to-door solicitation in Eastmoor Estates." According to defense counsel, during the week of October 10, 2011, "Plaintiffs' counsel and/or others authorized by counsel solicited Eastmoor Estates door-to-door to 'sign up' clients." In support of this allegation, counsel has presented the affidavits of eight Eastmoor residents who make various claims including, that plaintiffs' counsel or their representatives went door to door with "paperwork;" asked residents to sign "paperwork" in order to obtain grant funds for home repairs; and asked residents to sign up for legal representation. Additionally, defense counsel has submitted an October 10, 2011, letter signed by plaintiffs' counsel, Marie Cope, in which individual Eastmoor Estates residents are advised that they should meet with counsel individually in order to sign a retainer agreement with the University of Mississippi Civil Legal Clinic ("Law Clinic"). Defense counsel contends that MISSISSIPPI RULE OF PROF'L CONDUCT R. 7.3 "strictly prohibits" this type of " in-person solicitation."

Plaintiffs' counsel responds that plaintiffs' lawyers are salaried employees of a non-profit, public organization (the Law Clinic); do not receive a portion of any fees; provide all legal services on a *pro bono* basis; and have no pecuniary interest in contacting potential clients of the Clinic.

Rule 7.3 states in pertinent part:

Rule 7.3. Direct Contact With Prospective Clients

(a) A lawyer shall not by in-person live telephone or real-time electronic contact solicit professional employment from a particular prospective client with whom the lawyer has no family, close personal, or prior professional relationship when a significant motive of the lawyer's doing so is the lawyer's pecuniary gain.

. . . .

4

The court finds that defense counsel has failed to convince the court that plaintiffs' lawyers have violated Rule 7.3. By its express terms, Rule 7.3(a) prohibits in-person solicitation when a "significant motive" of the lawyer is the lawyer's pecuniary gain. Here, defense counsel has failed to rebut plaintiffs' counsel's representation that there was and is no pecuniary motive behind plaintiffs' attorneys' contact with Eastmoor residents.

Further, for the first time, in his reply brief, defense counsel suggests that plaintiffs' counsel specifically violated Rule 7.3(b).[3] Again, because defense counsel has presented the court with no clear proof beyond the possibility of a violation by any plaintiff's lawyer, the court finds there was no violation.

## Rule 8.4

Rule 8.4 governs misconduct in general. It states in pertinent part:

Rule 8.4. Misconduct

It is professional misconduct for a lawyer to:
(a) violate or attempt to violate the rules of professional conduct, knowingly assist or induce another to do so, or do so through the acts of another;
. . .
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) engage in conduct that is prejudicial to the administration of justice.

---

[3]Subsection (b) states:

(b) A lawyer shall not solicit professional employment from a particular prospective client by written, recorded or electronic communication or by in-person, telephone or real time electronic contact even when not otherwise prohibited by paragraph (a), if:
(1) Prospective client has made known to the lawyer the desire not to be solicited by the lawyer or
(2) The solicitation involves coercion, duress or harassment.

. . . .

Defense counsel charges that in an effort to "recruit" clients door-to-door, plaintiffs' counsel misrepresented to Eastmoor residents that grant funds were available for home repairs. Plaintiffs' counsel essentially responds that considering the complexity of this class action lawsuit, the fact that the parties have discussed the issue of the City of Moorhead obtaining grant funds for sewer repairs, and the possibility that laypersons could have misunderstood communications made by the Law Clinic to Eastmoor residents, there is no basis for a finding of bad faith. The court agrees. The court has considered the affidavits of the Eastmoor residents submitted by defense counsel and could find no convincing proof of sanctionable conduct.[4] Ultimately, the court finds that on this record, there is no basis for sanctions against any of plaintiffs' lawyers for professional misconduct. Accordingly, the instant motion is DENIED in all respects. Further, plaintiffs' request for fees is also hereby DENIED.

This, the 18th day of November, 2011.

/s/ Jane M. Virden  
UNITED STATES MAGISTRATE JUDGE

---

[4]Indeed, the statements in the Eastmoor residents' affidavits regarding representations made about grant funds do not specifically identify any of plaintiffs' lawyers and in large part are not based on the personal knowledge of the affiant.