IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**EASTMOOR ESTATES RESIDENTS**            **PLAINTIFFS**
**ASSOCIATION, ET AL.**

**vs.**            **CAUSE NO. 4:10CV144-P-V**

**GLENN MILLER, ET AL.**            **DEFENDANT**

## ORDER

Before the court are the Miller defendants' motion to quash subpoena duces tecum (# 195) and amended motion to quash subpoena duces tecum (# 197). The court has thoroughly considered the matter, and without the need of a response from plaintiffs, finds the motions should be denied. The defendants seek an order quashing a subpoena served on their accounting firm by plaintiffs and a protective order prohibiting discovery of records held by said firm. In support of the amended motion, defendants assert that in Mississippi there is a statutory privilege for, *inter alia*, communications between a client and his accountant pursuant to MISS. CODE ANN. 73-33-16 (2).

The motion is denied. As an initial matter, the Mississippi Supreme Court has held that statutory privileges were abrogated by the adoption of MISS. R. EVID. 501. *See Hughes v. Tupelo Oil Co.*, 510 So.2d 501 (Miss. 1987). Furthermore, in a case such as this where the court has jurisdiction based on a federal question, federal law determines the existence of a privilege. *See Gilbreath v. Guadalupe Hospital Foundation, Inc.*, 5 F.3d 785, 791 (5th Cir. 1993). This is also the case in actions involving both a federal question and pendent state law claims. *See Reed v. City of Greenwood*, No. 4:02cv287, 2006 WL 717492, at * 1 (N.D. Miss. March 21, 2006). Accordingly,

§ 73-33-16 does not apply in this case.

**SO ORDERED** this, the 9th day of January, 2012.

/s/ Jane M. Virden
UNITED STATES MAGISTRATE JUDGE