IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

EASTMOOR ESTATES RESIDENTS ASSOCIATION, ET AL.                PLAINTIFFS

VS.                                                            CIVIL ACTION NO. 4:10-CV-00144

GLENN MILLER, ET AL.                                           DEFENDANTS

**CONFIDENTIALITY AGREEMENT AND AGREED PROTECTIVE ORDER**

This matter comes before the Court on motion *ore tenus* by counsel for the parties based on their agreement to provide protection of confidential and personal information of the individuals contained in documents produced by Taylor, Powell, Wilson & Hartford, P.A., and to further facilitate the discovery of the Plaintiffs. The parties hereto have agreed and have stipulated that this Court may at any time either during discovery, trial or settlement of this matter, or at any time thereafter, order that, the documents, materials and other information produced by Taylor, Powell, Wilson & Hartford, P.A., and designated by Glenn Miller, Florence Miller, Glenn Miller Construction Co., Inc. and/or Eastmoor Estates, LP (collectively "Miller Defendants") as containing confidential and personal information, and that are not separately produced by, provided to, or obtained by any party, or are part of the public record or available by public record request or by subpoena on other individuals or entities, are of a confidential nature and that the use of such documents, materials or information shall be subject to the following limitations:

1. All documents produced by Taylor, Powell, Wilson & Hartford, P.A. of whatever kind or nature, that are not separately produced by, provided to, or obtained by any party, or are part of the public record or available by public record request or by subpoena on other

individuals or entities, shall be designated as confidential by the Miller Defendants by marking each document (in a manner that does not obscure the substance of the document) as follows: **"CONFIDENTIAL"**.

2. The designation of any documents herein as **"CONFIDENTIAL"** pursuant to this Agreement and Protective Order shall not be construed as an agreement or concession by either party that such information is relevant or material to any issue which may be or become part of this litigation between the parties, nor that so marked documents are actually, as a legal matter, "confidential" in nature, nor are any privileges waived hereby, including, but not limited to, the attorney-client privilege, work product privilege, or any other privilege available to the Miller Defendants.

3. All documents which are the subject of this Order shall not be disclosed, disseminated, published or made public to anyone but the attorneys of record in this case, and such personnel and staff of said attorneys, including designated expert witnesses, as is necessary for the conduct of this case. All attorneys of record shall see that each person to whom this information is disclosed has read this agreement and signs an affidavit agreeing to be bound thereby.

4. The documents marked **"CONFIDENTIAL"** herein shall not be used for any purpose whatsoever, except for pretrial preparation and the trial of this action.

5. The documents marked **"CONFIDENTIAL"** herein shall not be made any part of the public record of this case, whether in evidence or otherwise. If any document, material or other information designated herein is used in testimony or in response to any interrogatories or is quoted or disclosed in any affidavit, brief, deposition, transcript or other paper filed in this action, such materials and papers shall be filed under seal and such sealing shall continue until

further order of this Court, subject to the provisions of Rule 79 of the Uniform Local Rules of the Northern and Southern District Courts.

All documents marked **"CONFIDENTIAL"** herein shall not be analyzed, summarized or contained in any report, summary or analysis unless such report, summary or analysis or any document marked **"CONFIDENTIAL"** is considered and treated as a document subject to this Agreement and to the protection of the Order of this Court.

IT IS FURTHER AGREED BY THE PARTIES HERETO AND SUBJECT TO THE ORDER OF THIS COURT THAT:

1. Any information, material or documents designated by the Miller Defendants as **"CONFIDENTIAL"** shall be returned to the Miller Defendants at the conclusion of this litigation, including any and all copies of such documents in which in whole or in part contain any such designated confidential information.

2. Any and all documents, other than those retained by Plaintiffs as attorney work product or subject to the attorney-client privilege or other privilege, which contain summaries, reports or analyses of the designated documents or information shall be returned to the Miller Defendants at the conclusion of this matter.

3. Any and all summaries, reports and analysis of any and all documents or information of the Miller Defendants which are designated as **"CONFIDENTIAL"** are hereby deemed to be confidential and personal in nature and shall be considered and treated as the same and therefore subject to the provision of this agreement.

4. It is specifically agreed by the parties that the Court may use its contempt powers or any other sanctions to enforce the terms of the this Order and Agreement upon the request of any party, such relief including, but not limited to damages, attorneys' fees and injunctive relief

prohibiting the use of said documents at the trial of this cause.

**SO ORDERED**, this the 9th day of February, 2012.

/s/ **Jane M. Virden**
**UNITED STATES MAGISTRATE JUDGE**

AGREED:

/s/ Marie Saliba Cope
MARIE SALIBA COPE, MSB # 102295
Attorney for Plaintiffs

/s/ Clyde X. Copeland
CLYDE X. COPELAND, MSB # 10322
Attorney for "Miller Defendants"